IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLARENCE A. GOULD                          :

                                           :

v.                                             Civil Action WMN-05-2871

                                           :

TOWN OF EASTON

                                           :

## MEMORANDUM

This is the second suit in this Court filed by Plaintiff against his employer.  In the first, Civil Action No. WMN-03-433, Plaintiff, proceeding pro se, alleged racial discrimination in the imposition of a three-day suspension.  The Court granted Defendant summary judgment on that claim on March 4, 2004.

Plaintiff filed this action on October 21, 2005, again proceeding pro se, alleging that he was denied a lateral transfer because of his age.  Now pending is Defendant's motion to dismiss this action based upon Plaintiff's failure to comply with discovery obligations.  With the motion, Defendant's counsel has submitted extensive documentation of his numerous efforts to obtain adequate written responses from Plaintiff to Defendant's interrogatories and requests for production of documents, as well as his repeated and persistent reminders to Plaintiff regarding his scheduled deposition.  Despite those efforts, Plaintiff failed to appear for his deposition and has failed to provide adequate written discovery responses.

Upon the filing of Defendant's motion, the Clerk of the



Court sent Plaintiff a letter informing him that a dispositive motion had been filed and instructing him that a failure to respond to that motion could result in the dismissal of his action.  Despite that warning, Plaintiff has failed to file anything in response to Defendant's motion and the time for so doing has now expired.

A district court has authority to sanction a party with dismissal of an action for completely ignoring its discovery obligations.  In addition to its inherent authority to dismiss, Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962), there is statutory authority to impose this sanction under the Federal Rules of Civil Procedure.  Under Rule 37, a court may impose a variety of sanctions for failure to comply with discovery orders, including dismissal. Fed. R. Civ. P. 37(b).  A court may also assess attorney's fees and costs as a sanction against a party who fails to appear for a duly noted deposition. Fed. R. Civ. P 37(d).  Under Rule 41, a court has authority to dismiss with prejudice for failure to prosecute. Fed. R. Civ. P. 41(b).

Ordinarily, the Court would not dismiss an action without first offering the plaintiff the opportunity to cure the deficiencies in the performance of his obligations.  Dismissal is generally reserved for only the most egregious cases.  Given, however, the lack of any response from Plaintiff explaining or justifying his conduct, coupled with the considerable lengths to

2

which Defendant's counsel went to apprize Plaintiff of his obligations and the consequences of failing to meet them, the Court will grant the motion and dismiss the action.

The Court will also order Plaintiff to pay the deposition fee of the court reporter.  Under Rule 37(d), sanctions for failure to appear for a deposition or to respond to properly submitted discovery requests "are mandatory and should be imposed by this Court 'unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.'"  Bosworth v. Record Data of Maryland, Inc., 102 F.R.D. 518, 520 (D. Md. 1984) (quoting Fed. R. Civ. P. 37(d)).  That rule places an obligation on the Court "to require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure," Fed. R. Civ. P. 37(d), unless there is affirmative reason for not so doing. Id. (citing 8 C. Wright and J. Miller, Federal Practice and Procedure § 2291 at 820 (1970)).  Again, given the lack of any proffered justification for the failure to attend the deposition, the Court will award Defendant the court reporter's fee of $157.00.[1]   A separate order will issue.

---

[1] Defendant has also requested the award of fees associated with the filing of its motion in an amount to be determined.  The Court declines to make that award as those fees are not as directly "caused" by Plaintiff's failures.  Furthermore, while Plaintiff's pro se status certainly does not insulate him from this type of sanction, the Court is aware from Plaintiff's filings in the previous action that he has considerable

William M. Nickerson
Senior United States District Judge

Dated: October 16, 2006

_____

difficulty navigating the path of litigation.   Plaintiff is
strongly cautioned, however, that the Court will not hesitate to
impose stiff sanctions should Plaintiff again compel his employer
to incur needless expense defending claims filed but not pursued.